

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00248-CR
## NO. 02-15-00249-CR
## NO. 02-15-00250-CR
## NO. 02-15-00251-CR
## NO. 02-15-00252-CR
## NO. 02-15-00253-CR

JOEL GAUCIN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1323113D, 1323114D, 1344214D, 1344215D, 1345864D,
1345865D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joel Gaucin appeals from his convictions for evading arrest or

detention with a vehicle, aggravated assault with a deadly weapon, and multiple

---

[1]*See* Tex. R. App. P. 47.4.

aggravated robberies with a deadly weapon. We affirm the trial court's judgments.

Gaucin was indicted for evading arrest or detention with a vehicle and the aggravated assault of Sergio Luna, both occurring on April 15, 2013; for the aggravated robberies with a deadly weapon of Penella Thompson and Caitlyn Mackey, both occurring on July 10, 2013; and for the aggravated robberies with a deadly weapon of Julia Walker and Crystal Jones, both occurring on September 27, 2013. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 29.03(a)(2) (West 2011), § 38.04(b)(2)(A) (West Supp. 2016). In open court on March 25, 2015, Gaucin waived his right to a jury at both the guilt-innocence and punishment phases, and he pleaded guilty to the indictments without the benefit of a plea-bargain agreement. *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2016), art. 26.14 (West 2009). Before accepting his guilty pleas, the record reflects that the trial court admonished Gaucin in writing of the consequences of his pleas. *See id.* art. 26.13 (West Supp. 2016). The written plea admonishments included a judicial confession, which Gaucin signed: "I have read the indictment . . . filed in this case and I committed each and every act alleged therein . . . . I am guilty of the instant offense as well as all lesser included offenses. . . . I swear to the truth of all of the foregoing . . . ." The trial court accepted Gaucin's guilty pleas and then recessed to allow for the completion of a presentence investigation report.

On July 10, 2015, the trial court held Gaucin's sentencing hearing. The State did not call any witnesses during the hearing. Gaucin called three witnesses, and he also took the stand himself. After hearing closing arguments from both sides, the trial court found Gaucin guilty of the charged offenses and assessed punishment at concurrent sentences of five years' confinement for the evading arrest offense, ten years' confinement for the aggravated assault offense, and thirty-five years' confinement for the aggravated robbery offenses.

Gaucin's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Gaucin filed a pro-se response to the *Anders* brief. The State filed a letter brief and agreed with Gaucin's attorney that the appeal is frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues the appellant points out in his pro se response. *See United States v.*

3

*Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the record, counsel's brief, Gaucin's pro se response, and the State's letter brief. We agree with counsel and the State that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 26, 2016

4